| Form **668(Y)CM** (Rev. February 2021) | DEPARTMENT OF FINANCE - DIVISION OF REVENUE AND TAXATION **COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS** **NOTICE OF TAX LIEN UNDER CNMI TAX LAWS** |
|---|---|

| Saipan | Serial Number  TLM 25-0010 | For Optional Use by Recording office |
|---|---|---|

As provided by 1862, 1863, and 1864 of Title 4 of the Commonwealth Code ("CMC"), Sections 6321, 6322, and 6323 of the Northern Marianas Territorial Income Tax ("NMTIT"), and 4 CMC § 1701 et seq., notice is given that taxes (including interest and penalties) have been assessed against the following-named taxpayer. Demand for payment of this liability has been made, but it remains unpaid. Therefore, there is a lien in favor of the Commonwealth of the Northern Mariana Islands on all property and rights to property belonging to the taxpayer for the amount of these taxes and any additional penalties, interest, and costs that may accrue.

MC - 24 - 00082
FILED
Clerk
District Court

OCT 3 1 2024

for the Northern Mariana Islands
By ___JP___
(Deputy Clerk)

**Name of Taxpayer**
Jeremiah G. Wolfe

**Residence**
P.O.BOX 502953 CK SAIPAN MP 96950

**IMPORTANT RELEASE INFORMATION:** With respect to each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in NMTIT § 6325(a) and 4 CMC § 1866(a).

| Kind of Tax (a) | Tax period Ended (b) | Identifying Number (c) | Date of Assessment | Last Day of Refiling | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040-CM | 2022 | 20555463 | 01/24/2024 | 02/23/2034 | 5,496.54 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Place of Filing: CNMI Superior Court
U.S. District Court

**TOTAL** $ 5,496.54

This notice was prepared and signed at Division of Revenue and Taxation, on this, the ___31th___ day of ___October___, ___2024___

| Signature: Richard F. Santos | Title: Manager, Collection and Remittance Branch |
|---|---|

On this ___31st___ day of ___OCT___, 20 ___24___, before me a Notary Public of the CNMI, personally appeared the above signed individual, who acknowledge to me that he signed the foregoing instrument as his free and voluntary act and deed for the purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
Notary Public

Commission Expires: _____



SASHA A. LEON GUERRERO
P.O. Box 5234 CHRB, Saipan, MP 96950
**Notary Public Reg. No. 88A**
BY AND FOR THE COMMONWEALTH
OF THE NORTHERN MARIANA ISLANDS U.S.A
My Commission Expires: 1/18/26

**Form 668(Y)CM** (Rev. 2-21)

### Excerpts from the Northern Marianas Territorial Income Tax ("NMTIT")

**NMTIT Sec. 6321. Lien for Taxes.**

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the CNMI upon all property and rights to property, whether real or personal, belonging to such person.

**NMTIT Sec. 6322. Period of Lien.**

Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

**NMTIT Sec. 6323. Validity and Priority Against Certain Persons.**

(a) **Purchaser's, Holder of Security Interest, Mechanic's Lienors, And Judgment Lien Creditors** – The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Director.

(f) **Place For Filing Notice; Form** –

(1) Place For Filing. The notice referred to in subsection (a) shall be filed

(A) Under State Laws

(i) Real Property. In the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to lien is situated, and

(ii) Personal Property. In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated, or

(B) With Clerk Of District Court. In the office of the clerk of the United States district court for the judicial district in which the property subject to lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A), or

(C) With Recorder Of Deeds Of The District Of Columbia. In the office of the Recorder of Deeds of the District of Columbia, if the property subject to the lien is situated in the District of Columbia.

(2) Sites Of Property Subject To Lien. For purposes of paragraphs (1) and (4), property shall be deemed to be situated

(A) Real Property. In the case of real property, at its physical location; or

(B) Personal Property. In the case of personal property, whether tangible or intangible, at the residence of the taxpayer at the time the notice of lien is filed.

For purposes of paragraph (2) (B), the residence of a corporation or partnership shall be deemed to be the place at which the principal executive office of the business is located, and the residence of a taxpayer whose residence is without the United States shall be deemed to be in the District of Columbia.

(3) Form. The form and content of the notice referred to in subsection (a) shall be prescribed by the Director. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien.

Note: See section 6323(b) for further information, including protection for certain interests even though notice of lien imposed by section 6321 is filed with respect to:

1. Securities
2. Motor vehicles
3. Personal property purchased at retail
4. Personal property purchased in casual sale
5. Personal property subjected to possessory lien
6. Real property tax and special assessment liens
7. Residential property subject to a mechanic's lien for certain repairs and improvements
8. Attorney's lien
9. Certain insurance contracts
10. Passbook loans

(g) Refiling Of Notice. – For purposes of this section –

(1) General Rule. Unless notice of lien is refiled in the manner prescribed in paragraph (2) during the required refiling period, such notice of lien shall be treated as filed on the date on which it is filed (in accordance with subsection (f) after the expiration of such refiling period.

(2) Place For Filing. A notice of lien refiled during the that required refiling period shall be effective only

(A) if (i) such notice of lien is refiled in the office in which the prior notice of lien was filed, and (ii) in the case of real property, the fact of refiling is entered and recorded in an index to the extent required by subsection (f)

(B) in any case in which, 90 days or more prior to the date of a refiling of notice of lien under subparagraph (A), the Director received written information in the manner prescribed in regulations issued by the Director concerning a change in the taxpayer's residence, if a notice of such lien is also filed in accordance with subsection (f) in the State in which such residence is located.

(3) Required Refiling Period. In the case of any notice of lien, the term "required refiling period" means

(A) the one year period ending 30 days after the expiration of 10 years after the date of the preceding required refiling period for such notice of lien, and

(B) the one year period ending with the expiration of 10 years after the close of the preceding required refiling period for such notice of lien.

### Sec. 6325. Release Of Lien Or Discharge Of Property.

(a) Release Of Lien – Subject to such regulations as the Director may prescribe, the Director shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which

(1) Liability Satisfied or Unenforceable. The Director finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable, or

(2) Bond Accepted. There is furnished to the Director and accepted by him a bond that is conditioned upon the payment of the amount assessed, together with all interest in respect thereof, within the time prescribed by law (including any extension of such time), and that is in accordance with such requirements relating to terms, conditions, and form of the bond and sureties thereon, as may be specified by such regulations.

### Sec. 6103. Confidentiality and Disclosure of Returns and Return Information

(k) Disclosure of Certain Returns and Return Information For Tax Administration Purposes

(2) Disclosure of amount of outstanding lien. If a notice of lien has been filed pursuant to section 6323(f), the amount of the outstanding obligation secured by such lien may be disclosed to any person who furnishes satisfactory written evidence that he has a right in the property subject to such lien or intends to obtain a right in such property.

### Excerpts from Commonwealth Code

**4 CMC §1862. Lien.**

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the Commonwealth upon all property and rights to property, whether real or personal, belonging to such person.

**4 CMC § 1863 Period of Lien.**

The lien imposed by section 1862 of this Division shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied, the assessment expires under applicable Commonwealth law or the lien is discharged or released by the Secretary.

**§ 1864. Place for Filing Notice.**

Notice of a tax lien shall be recorded with the Commonwealth Recorder's Office. A notice of a tax lien so recorded shall be perfected as to all of a taxpayer's real property located within the Commonwealth, to all tangible and intangible personal property and income of a taxpayer residing within the Commonwealth, and to all tangible and intangible personal property and income located in the Commonwealth of a taxpayer residing without the Commonwealth.

**4 CMC § 1865. Validity and Priority of the Tax Lien.**

The validity and priority of a tax lien of the Commonwealth Government in the property and income of a taxpayer for unpaid taxes, additions to tax, penalties and interest (and any cost that may accrue in addition thereto) shall, as against anyone else claiming an interest in the same property or income of the taxpayer, be determined in accordance with applicable Commonwealth law (including 1 CMC § 3711 and 2 CMC § 4520). No tax lien of the Commonwealth Government in a taxpayer's property and income shall have priority over a bona fide purchaser or lessee of the taxpayer for valuable consideration, a bona fide holder of a security interest for value, a bona fide judgment lien creditor or holder of another bona fide interest or encumbrance for value, unless the Commonwealth Government's tax lien has been recorded previously or the party claiming the competing interest in the property or income of the taxpayer has actual notice of the tax lien. No interest claimed by a competing party in property or income of a taxpayer shall prevail over a tax lien of the Commonwealth Government unless the party claiming such competing interest has taken all steps under applicable law to properly create and perfect the interest claimed in the taxpayer's property or income, and said interest is not otherwise contrary to or in violation of Commonwealth law.

**4 CMC § 1866. Release of Lien; Discharge of Property**

(a) Release of Lien. Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any non NMTIT tax not later than 30 days after the day on which (1) Liability Satisfied or Unenforceable. The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable, or (2) Bond Accepted. There has been furnished to the Secretary and accepted by him a bond that is conditioned upon the payment of the amount assessed, together with all interest in respect thereof, within the time prescribed by law (including any extensions of such time), and that is in accordance with such requirements relating to terms, conditions, and form of the bond and sureties thereon, as may be specified by such regulations.

**§ 1867. Refiling of Notice.**

For purposes of validity and priority of the tax lien

(a) General Rule. Unless notice of lien is refiled in the manner prescribed in subsection (b) during the required refiling period, such notice of lien shall be treated as filed on the date on which it is refiled (in accordance with section 1864) after the expiration of such refiling period.

(b) Place for filing. A notice of lien refiled during the required refiling period shall be effective only if such notice of lien is refiled in the Commonwealth Recorder's Office

(c) Required Refiling Period. In the case of any notice of lien, the term "required refiling period" means:

(1) The one year period ending 30 days after the expiration of 10 years after the

| | | |
|---|---|---|
| date of the assessment of the tax, and<br>(2) The one year period ending with the expiration of 10 years after the close of the preceding required refiling period for such notice of lien.<br>**4 CMC § 18163. Authorized Disclosures.**<br>(a) Except as provided in subsection (b), an officer or employee of the Commonwealth is authorized to disclose return and return information pertaining to any provision of this Division only as authorized by §6103 of the NMTIT.<br>(b) An officer or employee of the Commonwealth may, in connection with his official duties, disclose return or return information obtained under any provision of this Division to himself or to other officers or employees of the Commonwealth to the extent necessary to obtain or give information necessary for the enforcement of any provision of this Division.<br>(c) The Secretary may prescribe by regulation the manner by which to mirror the provisions of §6103 of the NMTIT for the purpose of its proper application to the disclosure of return and return information pertaining to all provisions of this Division. | | |